IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Erick Eton Hewins, | ) |
|                Plaintiff, | ) C/A No. 6:17-cv-2204-MGL-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Chase Hunter Harbin, Scott Gardner, Rachel Hall, Sgt. Ben Cothren, | ) |
|                Defendants. | ) |

This matter is before the court on a motion to stay and for review of the plaintiff's amended complaint. The plaintiff, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The plaintiff paid the filing fee. The plaintiff is an inmate in the South Carolina Department of Corrections incarcerated at the McCormick Correctional Institution. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff states that he has been subjected to abuse of process, assault, negligence, malicious prosecution, false arrest, and false imprisonment (doc. 1 at 2). He contends that he was tried on his criminal charges in Greenville County from January 13, 2013, through January 17, 2013 (*id*. at 3). He states that he was convicted after his trial counsel failed to object to an illegal search and seizure performed by Sgt. Ben Cothren, Ben Gardner, and Rachel Hall (*id*.). The plaintiff asserts that the South Carolina Court of Appeals denied his direct appeal; however, he was granted a new trial based upon his application for Post-Conviction Relief ("PCR") (*id*.). He states that as a result of the illegal

search and trial counsel's failure to suppress the search and the resulting evidence, he was wrongly convicted and imprisoned (*id*. at 4).

The plaintiff has provided a copy of the PCR court's order, filed on November 4, 2016, granting the plaintiff a new trial (doc. 1-1).  A review of the public index reveals that a notice of appeal was filed in this case on November 29, 2016.  *See* Greenville County Thirteenth Judicial Circuit Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (enter the plaintiff's name, and 2016CP2302656) (last visited Nov. 13, 2017); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").  The State of South Carolina has filed a petition for writ of certiorari in the Supreme Court of South Carolina; however, no oral argument date has been set.  *See* South Carolina Appellate Case Management System, http://ctrack.sccourts.org/public/publicActorSearch.do (enter the plaintiff's name) (last visited Nov. 13, 2017).  In the amended complaint, the plaintiff seems to allege that false information has been filed with the Supreme Court of South Carolina (doc. 19 at 1).  He contends that he proffered new evidence and testimony at his PCR hearing (*id*.).  He also appears to argue that his trial counsel was ineffective for failing to object to the search in his original trial (*id*.).

The plaintiff seeks $350,000.00 from Gardner, Hall and Cothren (doc. 1 at 5).  He seeks $500,000.00 from Chase Hunter Harbin (*id*.).

**DISCUSSION**

Title 28 U.S.C. § 1915A authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)–(2).  As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings

2

drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The plaintiff's claims for damages for constitutional violations, false arrest, false imprisonment, and malicious prosecution are subject to dismissal pursuant to the Supreme Court's ruling in *Heck v. Humphrey*, which held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. 512 U.S. 477, 490 (1994); *see Edwards v. Balisock*, 520 U.S. 641, 647–48 (1997) (holding that the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment). The Supreme Court held that

> "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

*Id.*, 512 U.S. at 486–87.

Here, the plaintiff is attempting to attack the validity of his conviction; however, he has not shown that his conviction has been overturned or otherwise impugned. The plaintiff is in the process of attempting to overturn his state conviction, but, at this time, the action is still proceeding in the state courts. "Because the grant of a new trial does not trigger the limitations period for a malicious prosecution claim, the statute of limitations on [the plaintiff's] § 1983 claims [do] not begin to run on the date he [is] granted a new trial." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 390 (4th Cir. 2014); *see*

3

*also Brooks v. City of Winston-Salem,* 85 F.3d 178, 183 (4th Cir.1996) (*Heck* bars § 1983 claims for false arrest that "necessarily would implicate the validity of the plaintiff's conviction or sentence"). Here, a favorable determination on the merits of the plaintiff's § 1983 claims would require a finding that his detention is invalid; accordingly, his claims are barred under *Heck* and subject to summary dismissal.[1]

With respect to any state law claims raised in the complaint, including negligence, the District Court should decline to exercise supplemental jurisdiction over the plaintiff's state law causes of action because the complaint's federal claims are recommended for summary dismissal. *See* 28 U.S.C. § 1367(c)(3); *see also Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

## **MOTION TO STAY**

The plaintiff filed a motion to stay on September 15, 2017 (doc. 11). He requests that this Court stay the proceedings until his pending case is heard by the Supreme Court of South Carolina (doc. 11). The undersigned recommends that the motion to stay be denied. *See McCall v. McAlhaney*, No. 215-cv-01011-TLW-MGB, 2017 WL 3981153, at *6 (D.S.C. July 24, 2017), *report and recommendation adopted*, 2017 WL 3972052 (D.S.C. Sept. 8, 2017) (denying a motion to stay due to the finding by the Magistrate Judge that the case should be dismissed under *Heck* and stating that "[t]he Supreme Court in *Heck* specifically held that when a state prisoner seeks damages in a §

---

[1] The undersigned also notes that, with respect to the plaintiff's claim for false arrest, there exists a valid indictment. *See* Greenville County Thirteenth Judicial Circuit Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (enter the plaintiff's name, and M383854) (last visited Aug. 31, 2017). "[A] grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983." *Wilson v. Chickering*, C/A No. 0:15-4166-TMC, 2016 WL 422217, at *2 (D.S.C. Feb. 4, 2016) (citing *Gatter v. Zappile*, 67 F.Supp.2d 515, 519 (E.D. Pa.1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), aff'd, 225 F.3d 648 (3d Cir. 2000)); *see also Provet v. South Carolina*, C/A No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007).

4

1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." (quoting *Bryant v. Modica*, No. 4:07-3904-RBH, 2008 WL 1930675, at *1 (D.S.C. Apr. 29, 2008) (internal quotation marks omitted)).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice*. It is further recommended that the motion to stay (doc. 11) be denied. The plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

November 13, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).