

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ERICK ETON HEWINS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:17-2204-MGL-KFM |
| | § | |
| CHASE HUNTER HARBIN, SCOTT | § | |
| GARDNER, RACHEL HALL, and | § | |
| SGT. BEN COTHREN, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING THE MATTER WITHOUT PREJUDICE,
AND DENYING PLAINTIFF'S MOTION TO STAY**

Plaintiff filed this as a 42 U.S.C. §1983 action. He is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the matter be dismissed without prejudice and Plaintiff's motion to stay be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 13, 2017, and the Clerk of Court entered Plaintiff's objections on November 28, 2017. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

In Plaintiff's objections, he asks the Court to "relax" the requirements set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Objections 2. But, the Court is without any authority to grant such a request. Plaintiff also makes predictions as to whether he will prevail in state court. Objections 1-2. The only specific objection he makes is to footnote one, but he appears to conflate the term "warrant" with the Magistrate Judge's mention of the indictment. *Compare* Objections 1 *with* Report 4 n.1.

Concerning the motion to stay, the Supreme Court has stated "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. In this instance, a judgment in favor of Plaintiff "would necessarily imply the invalidity of his conviction or sentence[.]" *Id*. Thus, it appears dismissal is proper. But, even if the Court were able to grant the stay, in the interests of efficient docket management, it thinks the best practice is to dismiss the action without prejudice. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Suffice it to say, Plaintiff may refile his lawsuit if his underlying conviction is invalidated such that *Heck* does not bar his action. For all these reasons, the Court will overrule Plaintiff's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court this lawsuit is **DISMISSED WITHOUT PREJUDICE** and Plaintiff's motion to stay is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of November, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.